USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:12/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONSORCIO GRAN EVENTO PERU,

    Plaintiff,

    -against-

UNITED NATIONS OFFICE FOR PROJECT
SERVICES,

    Defendant.

1:25-cv-08857-MKV

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

Petitioner Consorcio Gran Evento Peru ("CGEP"), appearing *pro se*, initiated this action

on October 24, 2025, by and through its "legal representative," Doris Diana Melgar.  [ECF No. 1].

CGEP is a Peruvian business "consortium."  [ECF No. 1].  The case concerns a contract dispute

between CGEP and the United Nations Office for Project Services ("UNOPS") which is currently

pending in the Permanent Court of Arbitration ("PCA") in New York.  [ECF No. 1].

On November 11, 2025, the Court issued an Order explaining that Ms. Melgar, who does

not assert she is an attorney, cannot bring suit on behalf of CGEP.  [ECF No. 7].  The Court further

explained that courts do not permit corporations, partnerships, associations, and other "artificial

entities" to appear in court without an attorney.  [ECF No. 7 (quoting *Rowland v. Cal. Men's

Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993)].  Accordingly, the Court

explicitly warned Petitioner that "***its claims will be dismissed without prejudice unless it retains

counsel on or before December 1, 2025***." [ECF No. 7 (emphases added)].

As of this date, Petitioner has not retained counsel, and Ms. Melgar continues to improperly

purport to maintain suit on CGEP's behalf.  Indeed, in various filings submitted by Ms. Melgar

after this Court's Order,[1] Ms. Melgar has made clear that Petitioner is appearing "Pro-Se." [ECF No. 9; *see also* ECF No. 10 (reiterating that Petitioner is "currently litigating without counsel")]. Further, in an affidavit filed by Ms. Melgar in support of CGEP's "emergency petition" (and not in response to this Court's Order), Ms. Melgar states that CGEP has attempted to obtain legal representation in the United States and internationally, but "[m]ultiple law firms declined representation due to conflicts of interest involving UNOPS and the United Nations." [ECF No. 13 at ¶ 10]. Thus, Ms. Melgar, who does not allege she is an attorney, continues to improperly act on CGEP's behalf in connection with this case. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted)). Accordingly, Petitioner's claim is DISMISSED *sua sponte* without prejudice.

The Clerk of Court is respectfully requested to terminate docket entries 9 and 10 and to terminate the case.

**SO ORDERED.**

Date: **December 3, 2025**
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[1] Since the Court's Order, Ms. Melgar has filed two motions, a memorandum of law, two affidavits, and two letters on behalf of CGEP. [*See* ECF Nos. 8-11, 13-15].