USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONSORCIO GRAN EVENTO PERU,

Plaintiff,

-against-

UNITED NATIONS OFFICE FOR PROJECT
SERVICES,

Defendant.

1:25-cv-08857-MKV

ORDER DENYING MOTION
FOR RECONSIDERATION

MARY KAY VYSKOCIL, United States District Judge:

Petitioner Consorcio Gran Evento Peru ("CGEP"), appearing *pro se*, initiated this action on October 24, 2025, by and through its "legal representative," Doris Diana Melgar. [ECF No. 1]. CGEP is a Peruvian business "consortium." [ECF No. 1]. Thereafter, the Court issued an Order explaining that Ms. Melgar, who does not assert she is an attorney, cannot bring suit on behalf of CGEP. [ECF No. 7]. In the same Order, the Court explicitly warned Petitioner that "its claims will be dismissed without prejudice unless it retains counsel **on or before December 1, 2025**." [ECF No. 7 (emphasis in original)]. As of December 3, 2025, Petitioner had not retained counsel and Ms. Melgar continued to improperly purport to maintain suit on CGEP's behalf. [ECF No. 16]. Accordingly, this Court dismissed Petitioner's claim *sua sponte* without prejudice. [ECF No. 16].

On December 11, 2025, Michal Digirolamo, who asserts he is "writing on behalf of [his] wife Doris Melgar," filed a letter on the docket. [ECF No. 17]. In that letter, Mr. Digirolamo writes that he and his wife "are requesting to file a motion to revive, appeal, or refile the case as we were just about to send over 3000 pages of evidence and documents to the court that are ready today" and otherwise requested the Court's assistance on what "options or avenues [they] need to take[.]" [ECF No. 17].

Given a pro se litigant is entitled to "special solicitude," *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (citation omitted), the Court construes this letter as a motion for reconsideration of this Court's prior dismissal.  Reconsideration of an opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Schansman v. Sberbank of Russia PJSC*, No. 19-cv-2985, 2022 WL 4813472, at *1 (S.D.N.Y. Sept. 30, 2022) (citation omitted).  "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted).  Here, the reconsideration motion must be denied. The letter filed at ECF No. 17 simply does not address the basis for this Court's dismissal, which is that Ms. Melgar cannot maintain suit on behalf of CGEP.  *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted)).  In any event, alluding to thousands of pages of purported "evidence and documents" that have been in Ms. Melgar's possession, and are therefore not "new," does not warrant a different result.  *See Space Hunters, Inc. v. United States*, 500 Fed. App'x 76, 81 (2d Cir. 2012). Moreover, there is no indication whatsoever that these documents speak to the actual basis of the Court's dismissal.  Accordingly, the motion for reconsideration is DENIED.

Finally, the parties are on notice that the Court cannot provide advice as requested. Petitioner is directed to consult the Pro Se Intake Unit (212) 805-0175 for assistance regarding the continued prosecution of this case.

**SO ORDERED.**

2

**Date:  December 19, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**